28 F.3d 107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sean MOSSMAN, Plaintiff-Appellant,
v.
TRANSAMERICA INSURANCE COMPANY, Defendant-Appellee.
 No. 93-15676.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1994.*
Decided May 20, 1994.
 
 Before: CHOY, FARRIS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sean Mossman appeals the district court's granting of summary judgment for Transamerica. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291 and 636(c)(3). We affirm.
 
 
 3
 We review a grant of summary judgment de novo. Jones v. Union Pac. R.R. Co., 968 F.2d 937, 940 (9th Cir.1992). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992), cert. granted, 114 S.Ct. 543 (1993).
 
 I.
 
 4
 Mossman argues that the Hawaii No-fault insurance statute requires that Frank Carvalho be considered an "insured" under Commercial Shelving, Inc.'s Transamerica "Business Auto Policy." We disagree.
 
 
 5
 We first look to the terms of the policy. They are unambiguous. The named insured was Commercial Shelving, Inc. The "WHO IS INSURED" section of the policy provides that anyone driving a covered auto owned, hired or borrowed by Commercial Shelving with the permission of Commercial Shelving is also insured under the policy. Carvalho's only relation to Commercial Shelving is that his step-father, Alvin Borges Jr., is a shareholder and officer of the corporation. The automobile Carvalho was driving at the time of the accident was owned by his mother[1] and is not one of the automobiles listed on the Schedule of Covered Autos, nor was it "hired or borrowed" by Commercial Shelving. He was not an "insured" under the policy.
 
 
 6
 Nothing in Hawaii's No-fault statute requires that Carvalho be considered an "insured" under the policy. Every owner of a motor vehicle used or operated in Hawaii must obtain a no-fault policy consistent with the requirements of the no-fault statute. Haw.Rev.Stat. Sec. 431:10C-104 (1994). The statute defines "No-fault insured" as:
 
 
 7
 (A) The person identified by name as insured in a no-fault policy complying with section 431:10C-301; and,
 
 
 8
 (B) While residing in the same household with a named insured, the following persons not identified by name as an insured in any other contract of no-fault policy complying with this article:
 
 
 9
 (i) a spouse or relative of a named insured
 
 
 10
 * * *
 
 
 11
 A person resides in the same household if the person usually makes the person's home in the same family unit, even though the person temporarily lives elsewhere.
 
 
 12
 Haw.Rev.Stat. Sec. 431:10C-103 (1994). Commercial Shelving, Inc. is the "person" identified by name in the policy. Commercial Shelving has no spouse or relatives. The statute therefore does not require that Carvalho be considered an insured under the policy.
 
 
 13
 The fact that Carvalho's step-father, Alvin Borges, Jr., frequently drove Commercial Shelving's vehicles with Commercial Shelving's permission (and was therefore covered under the terms of the policy while driving the company's vehicles) is irrelevant. Borges was not the named insured under the Transamerica policy, and its coverage therefore did not automatically extend to Borges' spouse and relatives.
 
 
 14
 Mossman urges us to adopt a rule whereby a business that purchases automobile insurance for vehicles it owns, hires or borrows would be forced to provide coverage to resident relatives of persons who happen to drive company cars, even if the relatives are driving non-company cars. This we decline to do.
 
 II.
 
 15
 Mossman argues that Transamerica is bound by the result of his state court action against Carvalho, Mossman v. Carvalho, Civil No. 90-3787-11. The record reflects that Mossman obtained a judgment against Carvalho in the amount of $174,661. There was no judgment against Transamerica. Mossman's argument lacks merit.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 His mother had had it insured by a Government Employee Insurance Company policy